ISIDORE WEIL *et al.*

*v.*

JULIUS JAEGER.

*Opinion filed June 18, 1898.*

1. APPEALS AND ERRORS—*power of Supreme Court to review voluntary assignment proceeding.* The power of the Supreme Court to review a voluntary assignment proceeding is not dependent upon the submission of propositions to the county court to be held as law, as the proceeding is not one which requires the waiver of a jury to enable the trial court to determine the questions of law and fact.

2. VOLUNTARY ASSIGNMENT—*one obtaining judgment against former partners may participate in assets of new firm.* The fact that a creditor of an insolvent partnership obtains a judgment against all the partners, including those who had retired before the insolvency of those who had remained in the firm continuing the business under the same name and at the same place and assuming the old firm's obligations, does not deprive him of his right to participate in the assets of the new partnership with creditors whose claims arose after the change in the firm.

*Weil v. Jaeger,* 73 Ill. App. 271, affirmed.

WRIT of ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, and H. P. SIMONTON, for plaintiffs in error:

Partnership assets must be devoted to partnership creditors, and individual assets must be devoted to individual creditors. This rule is particularly strongly adhered to in the distribution of insolvent estates. *Ladd* v.

*Griswold,* 4 Gilm. 36; *Pahlman* v. *Graves,* 26 Ill. 405; *Preston* v. *Colby,* 117 id. 477.

Creditors of an insolvent partnership have an equitable right to the assets of the firm, as against creditors of the individual partners. The power of partners to assume the individual debts of the partners, if honestly exercised, may continue during the solvency of the partners, but when they have become insolvent that privilege ceases. *Roop* v. *Herron,* 15 Neb. 73; *Caldwell* v. *Bloomington Manf. Co.* 17 id. 489; *Wabash* v. *Kelly,* 42 Barb. 98.

It is a fraud upon firm creditors for an insolvent firm to apply firm property to the payment of the debts of any individual partner. *Bernheimer* v. *Rindskopf,* 116 N. Y. 420; *Goodbar* v. *Cary,* 16 Fed. Rep. 316; *Nordlinger* v. *Anderson,* 123 N. Y. 544; *Saunders* v. *Riley,* 105 id. 12; *Kirby* v. *Schoonmaker,* 49 Am. Dec. 160.

The power of partners to make disposition of their property ceases upon the issuing of the commission of insolvency, but not from the mere inability at any time to pay their debts. *Sigler* v. *Bank,* 8 Ohio St. 511; *Phillips* v. *Ames,* 5 Allen, 183.

A promise by a purchasing partner to pay the firm debts creates only a personal obligation, and not a lien. *Rankin* v. *Jones,* 2 Jones' Eq. 169; *Hapgood* v. *Cornwell,* 48 Ill. 64.

WINSTON & MEAGHER, (RALPH MARTIN SHAW, of counsel,) for defendant in error:

Where a case is tried by the court without the intervention of a jury, and no propositions of law are submitted to the court, it will be assumed by the Supreme Court that the trial court ruled on the law correctly, and the decision of the Appellate Court conclusively determines that it ruled the facts correctly. *Bank* v. *LeMoyne,* 127 Ill. 253.

The rule which demands that the joint debts shall be paid out of the joint assets is for the benefit of the part-

ners themselves, and may be waived by them, and if so waived the creditor loses his lien. *Young* v. *Clapp*, 147 Ill. 176; *Ladd* v. *Griswold*, 4 Gilm. 36.

Where one member of the firm retires, selling out his interest to a third party, and a new firm is created which continues the business and assumes the debts of the previous firm, and the new firm becomes insolvent and makes an assignment for the benefit of creditors, the creditors of the first firm are entitled to share *pro rata* with those of the second firm in the assets of such second firm. *McCracken* v. *Millhouse*, 7 Ill. App. 769; *In re Dawson*, 59 Hun, 239; *In re Frow, Jacobs & Co.'s Estate*, 73 Pa. 449; *In re Lloyd*, 22 Fed. Rep. 90.

When one member of a partnership withdraws, and thereby a new partnership is formed which assumes the debts of the old partnership, the withdrawing member becomes thereby a surety for the payment of the debts by the new firm. *Chandler* v. *Higgins*, 109 Ill. 602; *Savage* v. *Putnam*, 32 N. Y. 501; *In re Dawson*, 59 Hun, 239; *Morse* v. *Gleason*, 64 N. Y. 204; *In re Frow, Jacobs & Co.'s Estate*, 73 Pa. 449.

In insolvency proceedings, under the statute, the creditor is entitled to *prorate* in the assets of the insolvent estate for the full amount of his claim at the date of the filing of his claim, regardless of what other security he may have for the payment of his indebtedness. *In re Bates*, 118 Ill. 524; *Mechanics' Trust Co.* v. *Bank*, 27 Ill. App. 154; *Furness* v. *Bank*, 147 Ill. 570; *Levy* v. *Bank*, 158 id. 88.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Julius Jaeger, filed a claim in the county court of Cook county for $1933.85 against the estate of Howe & Bodenschatz, partners, doing business under the firm name of the Haymarket Produce Bank, insolvents. Weil Bros., plaintiffs in error, filed exceptions thereto, which, on a hearing, were overruled by the

court, and upon a writ of error from the Appellate Court that court affirmed the order.

Defendant in error asks that the judgment of the Appellate Court shall be affirmed because no propositions of law were submitted to the county court, on the hearing of the objections, to be held or refused. It is claimed that under these circumstances no question is presented to this court for determination. When exceptions are filed to the claim or demand of any creditor, the statute requires the court to proceed and hear the proofs and allegations of the parties in the premises and to render such judgment thereon as shall be just. It provides that the court may allow a trial by jury thereon; but there is no right to a jury trial, and the law requires the court to try the case unless a jury shall be ordered. The proceeding is a chancery proceeding modified and regulated by statute. (*Union Trust Co.* v. *Trumbull*, 137 Ill. 146.) There is no necessity for the waiver of a jury to enable the court to try the issue and determine the questions of law and fact involved, and the statute invoked by defendant in error does not relate to such a case.

The facts were agreed upon in the county court, and were substantially as follows: In the year 1892 six persons, including Arthur J. Howe and Gustave A. Bodenschatz, formed a co-partnership in the banking business, to be known as the Haymarket Produce Bank. The partnership was to commence May 1, 1893, and to expire October 30, 1903. Julius Jaeger opened an account in the savings department of the bank, and there was given to him a pass-book, in which his deposits were entered by the clerk of the bank. On November 4, 1895, this partnership was dissolved by the sale of the interests of the other partners in the assets of the bank to said Arthur J. Howe and Gustave A. Bodenschatz, who executed a bond, with sureties, to the retiring partners. This bond recited the existence of the partnership and the carrying on of the partnership business up to that time, and that

said Arthur J. Howe and Gustave A. Bodenschatz were about to purchase the interests of the other partners in the partnership business, and said retiring partners were about to sell and transfer to said Arthur J. Howe and Gustave A. Bodenschatz all the right, title and interest that they and each of them possessed in said co-partnership. It was conditioned that said purchasers should pay all the liabilities and indebtedness of the partnership, and save and keep harmless said retiring partners therefrom. At the time of this change in the firm said Julius Jaeger had on deposit in the savings department $1463.43. After the dissolution by said purchase, the said Arthur J. Howe and Gustave A. Bodenschatz continued the banking business at the same place and under the same name of Haymarket Produce Bank as before. Jaeger continued to deposit in the bank, and after the change deposited $470 at the same place, which was entered by the same clerk of the bank in the same pass-book in which his deposits had always been written. On January 1, 1896, and in July, 1896, interest was credited by the bank in the pass-book on the total amount of money to the credit of Jaeger, including the money deposited before and after the date of the dissolution and change. The voluntary assignment was made August 24, 1896, by Arthur J. Howe and Gustave A. Bodenschatz, doing business as the Haymarket Produce Bank. In the schedule of liabilities of the firm they put down the claim of Jaeger at $1933.85,—the total amount deposited with the Haymarket Produce Bank before and after the change. Jaeger filed his claim with the assignee for the amount set down in the schedule. Afterward he brought suit in the circuit court of Cook county against the six persons constituting the original firm, suing them as partners doing business under the name and style of the Haymarket Produce Bank, and recovered a judgment for $1750 against all of them as partners and members of the firm, holding all liable for the whole amount due him.

Many authorities are cited by the learned counsel for plaintiffs in error and many propositions contended for which are unquestionably correct, but which we cannot regard as applicable to the facts of this case.  Julius Jaeger dealt with this bank and made deposits at different times in the savings department, and during the time of his dealing with the bank there was a change in the partnership and a dissolution by the retirement of four of the partners.  The two who continued the business acquired the assets and agreed to pay the liabilities of the firm.  The four retiring partners took the individual bond of Arthur J. Howe and Gustave A. Bodenschatz, with surety, to secure the performance of this agreement, and this bond was a personal obligation.  A liability arising out of that personal and individual agreement would not be a firm undertaking, and it is therefore argued for plaintiffs in error that Jaeger's claim for deposits before the change of the firm is against the individuals Arthur J. Howe and Gustave A. Bodenschatz, and that the creditors of the bank have a right to insist that the firm assets shall first go to pay creditors of the new partnership, and that Jaeger, as to that claim, must come in afterward.  The claim of Jaeger is not based upon the bond or the contract between the parties, and the judgment which he recovered could not have been founded upon it. There can be no question that the new firm assumed his claim as a firm liability by continuing to receive his money and crediting it in the same pass-book and crediting interest therein on the whole amount, so that the firm would be liable and he would be entitled to participate with other firm creditors.  It is substantially admitted that he became a creditor of the new firm and might participate in its assets if he had abided by the assumption of his claim, but it is contended that he did not assent to such assumption and disregarded it by suing the six partners.  It is urged that his claim has been merged by his act into a judgment against the insolvents

jointly with four others, and that by taking this judgment against the six he has only an individual liability against Arthur J. Howe and Gustave A. Bodenschatz, to be satisfied out of their individual assets. It seems that in an action at law Jaeger was able, for some reason, to hold the four retiring partners as continuing members of the firm up to the assignment. It is, of course, indisputable that if he had no notice of the dissolution and change in the firm the partners who continued to carry on the business were able to bind the retiring members, as to him, in the transaction of the usual firm business. When he brought his suit he recovered for deposits made with the firm, and was able, for some good reason, to charge the others, as members of that firm, with liability for deposits. They might be liable as to him and not liable as to those who had notice of the change. The retirement of those partners had no effect whatever as to a person dealing with the firm who continued his transaction in the usual course of the business, conducted under the same name and at the same place. The fact that there was such a liability of persons whom he had a right to presume were members of the firm would not deprive him of the right to participate in the assets. If a creditor of an insolvent firm is entitled to hold some one liable to him, although not in fact a partner, because he has been held out as such or because he has acted on the credit of such person who had been known as a member of the firm and of whose retirement he has had no notice, surely such fact could not deprive him of the right to participate in the assets of the partnership. We think that the exceptions were properly overruled.

We must decline to pass upon the propositions suggested by counsel as to the rights of creditors of the old firm under various conditions not arising in this case and which have not been argued on both sides.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*